IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cv-00422-RJC
(3:13-cr-00300-RJC-1)

ANTOINE LEVONNE THRASHER,      )
                               )
            v.                 )
                               )            **<u>ORDER</u>**
UNITED STATES OF AMERICA,       )
                               )
            Respondent.        )
_____)

      **THIS MATTER** is before the Court on consideration of Petitioner's pro se Motion to Vacate, Set Aside or Correct Sentence which is filed pursuant to 28 U.S.C. § 2255. <u>See</u> Rule 4(b) of the Rules Governing Section 2255 Proceedings.

      On March 25, 2015, Petitioner was sentenced to a term of 120-months' imprisonment following his conviction on one count of being a felon-in-possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Judgment was entered on April 20, 2015, and Petitioner did not appeal. On June 14, 2016, Petitioner avers that he signed his § 2255 Motion to Vacate. <u>See</u> <u>Houston v. Lack</u>, 487 U.S. 266, 276 (1988) (explaining prison mailbox rule).

      The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides, in pertinent part, as follows:

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
>     (1) the date on which the judgment of conviction becomes final;
>
>     (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

1

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Because Petitioner did not appeal, his judgment became final on May 4, 2015, or fourteen days after the entry of judgment. See Clay v. United States, 537 U.S. 522, 528 (2003).

Petitioner presents four claims for relief in his § 2255 Motion to Vacate. In his first claim, Petitioner challenges his designation as an armed career criminal under 18 U.S.C. § 924(e), basing this contention on the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015), in which the Court held that the residual clause of the ACCA was void for vagueness and therefore unconstitutional. In Welch v. United States, the Supreme Court ruled that the holding in Johnson applies retroactively to cases on collateral review. 136 S. Ct. 1257 (2016). (3:16-cv-00422, Doc. No. 1: Motion to Vacate at 4). The Johnson opinion was filed on June 26, 2016, therefore Petitioner's first claim for relief is timely based on his signature date of June 14, 2016.

However, Petitioner's remaining claims are not based on the holding in Johnson and it appears that they are untimely under any of the provisions of § 2255(f). Petitioner will therefore be afforded 14-days from entry of this Order to explain why these remaining claims should not be dismissed as untimely or why he should be entitled to equitable tolling of the one-year statute of limitation. See Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002) (providing for warning prior to sua sponte dismissal in cases where petitioner fails to address timeliness of petition). In order

to establish a case for equitable tolling, a petitioner must demonstrate that he has been (1) diligently pursuing his rights and (2) that there was an "extraordinary circumstance" which prevented a timely filing of a habeas petition. See Holland v. Florida, 560 U.S. 631, 655 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)).

**IT IS, THEREFORE, ORDERED** that Petitioner shall have 14-days from entry of this Order to explain why his Section 2255 Motion to Vacate should not be dismissed as untimely or to explain why he should be entitled to equitable tolling. Petitioner is warned that failure to file a timely response will result in disposition of the claims in his § 2255 Motion to Vacate.

**SO ORDERED**.

Signed: August 23, 2016

Robert J. Conrad, Jr.
United States District Judge